UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK W. BLOND,

                            Plaintiff,

                v.

MARK BRADT, Superintendent,
K. CHAPPUS, Superintendent of Security,
CAPTAIN NOETH,
SERGEANT LEONARD,
CORRECTION OFFICER PRITCHARD,
CORRECTION OFFICER RICHARD HOPE, and
3-JOHN DOE CORRECTION OFFICER,
  working C-Block Office,

                            Defendants.
_____

DECISION
and
ORDER

12-CV-01082F

APPEARANCES:        MARK W. BLOND, *Pro Se*
                            09-A-4043
                            Auburn Correctional Facility
                            Box 618
                            Auburn, New York  13021

                            ERIC T. SCHNEIDERMAN
                            New York Attorney General
                            Attorney for Defendant
                            STEPHANIE JOY CALHOUN
                            Assistant Attorney General, of Counsel
                            Main Place Tower
                            Suite 300A
                            350 Main Street
                            Buffalo, New York  14202

     This case was assigned to the undersigned pursuant to this court's Standing Order, Amended Plan for the Disposition of *Pro Se* Cases, adopted and filed October 1, 1996, § I, ¶ C.5, for disposition of all non-dispositive pretrial matters.  The matter is presently before the court on Plaintiff's motions for a protective order (Doc. No. 32), filed

April 14, 2014, for leave to file an amended complaint (Doc. No. 37), filed May 6, 2014, and for appointment of counsel (Doc. No. 58), filed March 27, 2015.

Plaintiff Mark W. Blond ("Plaintiff"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 on November 9, 2012, alleging Defendants, all employees of New York State Department of Corrections and Community Supervision ("DOCCS"), violated his constitutional rights under the Fourth, Fifth, and Eighth Amendments while in the custody of DOCCS and incarcerated in C-Block at Attica Correctional Facility ("Attica" or "the correctional facility"), in Attica, New York.  Plaintiff particularly claims that on September 8, 2011, he was assaulted and threatened by Defendant Sergeant Leonard ("Leonard"), Correction Officer ("C.O.") Pritchard ("Pritchard"), and three John Doe C.O.s ("John Does").  Complaint ¶¶ 18-24.  Following the assault, Plaintiff, despite submitting several sick call request slips, was denied medical treatment for the resulting injuries until September 13, 2011, when Plaintiff was permitted to go to sick call, from which Plaintiff was sent to Attica's emergency room for X-rays and dental care, and an appointment was scheduled for Plaintiff to be further examined in connection with his injuries at Erie County Medical Center ("ECMC"), in Buffalo, New York.  *Id.* ¶¶ 25-27.  Plaintiff was taken to ECMC on September 20, 2011, remaining there until September 23, 2011.  *Id.* ¶ 31.  Because one of the two C.O.s who accompanied Plaintiff to ECMC was working in C-Block when Plaintiff was assaulted on September 8, 2011, Plaintiff did not feel free to discuss the details of the assault with the ECMC medical staff.  *Id.* ¶ 32.  Upon returning from ECMC to Attica, Plaintiff maintains he was subjected to additional threats and intimidating behavior by the C.O.s.  *Id.* ¶¶ 25-35.

Plaintiff attributes the assault to retaliation for writing three letters to the Federal Bureau of Investigation ("FBI"), Prison Corruption Unit, and various DOCS officials regarding an assault on another inmate, also housed on C-Block, Plaintiff witnessed between August 8 and 12, 2011. Complaint ¶¶ 12-17. Plaintiff maintains the letters were returned to him in a condition indicating the letters have been opened and read by prison officials. *Id.* ¶¶ 15-17. On September 2, 2011, Plaintiff wrote a letter to Defendant Superintendent Mark Bradt ("Bradt"), complaining about the asserted interference with his mail by prison officials, and Bradt advised the complaint had been referred to Defendant Captain Noeth ("Noeth"), to whom Plaintiff, on September 6, 2011, wrote a letter reiterating his complaint about interference with his mail and indicating he feared retaliation by the prison officials who read his letters to the FBI regarding the assault. *Id.* ¶¶ 16-17.

**Protective Order**

On April 14, 2014, Plaintiff moved (Doc. No. 32) ("Motion for Protective Order"), for a protective order directing that no C.O. be present in the examining room while Plaintiff is deposed by Defendants, asserting that the presence of any C.O. would result in his deposition being taken "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses" Plaintiff, Motion for Protective Order at 1, such that "Plaintiff's testimony would not be as freely [given] as it would be without the presence of Corrections Officers . . . [and] would impede and frustrate the fair examination of the Plaintiff." *Id.* at 2. Defendants argue in opposition that matters of security in the taking of an inmate's deposition are "best left to DOCCS, which is specifically charged with this

3

duty." Memorandum on Opposition to Plaintiff's Motion for a Protective Order (Doc. No. 38), at 4. Plaintiff has not argued in further support of this motion.[1]

"This Court has recognized that the Federal Rules of Civil Procedure do 'not preclude the mere presence of Corrections Officers at the plaintiff's deposition, despite [the fact] that this is a suit against other prison officials and guards.'" *Rivera v. Jeziosky*, 2007 WL 913990, at * 6 (W.D.N.Y. Mar. 23, 2007) (deferring to the "expertise" of DOCCS in determining the appropriate means of ensuring sufficient security during an inmate's deposition, and quoting *Campbell v. Coughlin*, 1992 WL 170697, at * 1 (W.D.N.Y. June 5, 1992)). Further, the events of which Plaintiff complains occurred at Attica, Plaintiff is now incarcerated at Auburn Correctional Facility ("Auburn"), in Auburn, New York, and Plaintiff has not alleged any factual basis establishing any connection between Auburn and the C.O.s at Attica supporting his assertion that the presence of a C.O. from Auburn would "impede and frustrate" Plaintiff's deposition. *Rivera*, 2007 WL 913990 at * 6. Plaintiff's Motion for a Protective Order is thus DENIED.

**Leave to File Amended Complaint**

Plaintiff moves for leave to file an amended complaint (Doc. No. 37) ("Motion to Amend"), attaching a copy of the proposed amended complaint (Doc. No. 37-1) ("Proposed Amended Complaint"). Defendants argue the motion should be denied, at least in part, as futile. Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 47) ("Defendants' Memorandum at 2). In further support of the motion, Plaintiff argues Defendants have failed to demonstrate the requisite "good reason" for denying Plaintiff's Motion to

---

[1] Although the Docket indicates that Doc. No. 40 is a reply filed by Plaintiff in further support of his Motion for a Protective Order, a plain reading of Doc. No. 40 establishes that it does not reference or otherwise apply to the Motion for a Protective Order.

4

Amend. Plaintiff's Memorandum of Law in Response to Defendants' Motion in Opposition for Leave to Amend the Plaintiff's Complaint (Doc. No. 50-1) ("Plaintiff's Reply"),[2] at 1-2.

Under Fed.R.Civ.P. 15(a), leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Burns v. Imagine Films Entertainment, Inc.*, 165 F.R.D. 381, 384 (W.D.N.Y. 1996) (quoting Fed.R.Civ.P. 15(a)). Therefore, "an amended pleading may be filed pursuant to Rule 15(a) where the new allegations do not unduly prejudice an opponent, are not the result of undue delay or bad faith, and are not futile." *Warren v. Goord*, 2006 WL 1582385, at * 7 (W.D.N.Y. May 26, 2006). Further, "[a]n amendment to a pleading is futile if it could not withstand a motion to dismiss under Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

Preliminarily, the court observes that the Proposed Amended Complaint is largely identical to the Complaint and, as Plaintiff asserts, Plaintiff's Memorandum at 1, cures some deficiencies found in the original Complaint. Nevertheless, the court's review of the Proposed Amended Complaint establishes the futility of certain claims contained therein.

Defendants argue, Defendant's Memorandum at 4, the Proposed Amended Complaint fails to allege the requisite personal involvement by Defendant Noeth in the alleged constitutional deprivations. The only allegation against Noeth is that on September 6, 2011, after being advised that Bradt had assigned Noeth to investigate Plaintiff's complaints regarding the reading of Plaintiff's mail, Plaintiff wrote to Noeth,

---

[2] Plaintiff's Reply is attached to Doc. No. 50, which Plaintiff titled "Notice of Motion" despite the fact that a plain reading of Doc. No. 50 establishes it is not a motion but, rather, merely informs the court that Plaintiff is asserting further argument in support of the Motion for Leave to File Amended Complaint.

5

informing Noeth of the same complaints about which Plaintiff had written to Bradt, "putting emphasis on fearing physical retaliation." Proposed Amended Complaint ¶ 18.

"'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Spavone v. New York State Dept. of Correctional Services*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).  Here, the Proposed Amended Complaint is devoid of any allegation that Noeth, other than being the intended recipient of Plaintiff's September 6, 2011 letter complaining that other prison officials had opened and read Plaintiff's mail, engaged in any conduct leading to the assault of Plaintiff on September 8, 2011.  Rather, the Proposed Amended Complaint attributes responsibility for the assault to Noeth based solely on Noeth's supervisory position as a Captain with DOCCS.  The Supreme Court, however, has held that a claim based solely on a supervisor's "knowledge and acquiescence" in his subordinates' wrongdoing fails to amount to wrong-doing by the supervisor. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Nevertheless, as this court determined in conducting an initial screening of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), "to the extent plaintiff alleges that, following his writing a complaint to Noeth, certain acts of physical abuse to which he was subjected by corrections officers were accompanied by references to his letter to Noeth (*i.e.*, asking plaintiff why he was writing 'threatening letters' to 'my captain'; the demand that plaintiff 'write an apology letter to the captain') (Complaint, ¶¶ 20-22), the complaint can be construed as claiming that defendant Captain Noeth conspired with his subordinate corrections officers and retaliated against

6

plaintiff." July 12, 2013 Decision and Order (Doc. No. 7) ("Initial Screening Decision"), at 6. Significantly, the Proposed Amended Complaint includes essentially identical allegations. Proposed Amended Complaint ¶ 23. Accordingly, insofar as Plaintiff seeks to assert in the Proposed Amended Complaint a claim against Noeth, the allegation is not futile and the Motion for Leave to Amend is GRANTED.

Defendants also argue the Proposed Amended Complaint asserts a state law intentional infliction of emotional distress claim which is futile because it is barred under New York Corrections Law § 24 ("N.Y. Corr. Law § 24" or "§ 24"). Defendants' Memorandum at 6-7. In opposition, Plaintiff argues that insofar as he seeks punitive damages in connection with such claim, it is not barred by N.Y. Corr. Law § 24.

N.Y. Corr. Law § 24 precludes claims against corrections officers brought against them in any court in their personal capacities arising out of the discharge of their duties. *Baker v. Coughlin*, 77 F.3d 12, 14-15 (2d Cir. 1996). Although the Supreme Court has held § 24 does not preclude an inmate from pursuing a § 1983 action, § 24 continues to preclude state causes of action against DOCCS personnel. *DeLee v. White*, 2011 WL 7415124, at * 18 (W.D.N.Y. Nov. 15, 2011). Plaintiff's reliance on *Kerman v. City of New York*, 374 F.3d 93, 125 (2d Cir. 2004), for the proposition that the request for punitive damages permits Plaintiff to pursue his state tort claim in this action is inapposite because Kerman involved an action by an arrestee against a police officer, whereas N.Y. Corr. Law § 24, by its own terms, applies only to DOCCS personnel.

Accordingly, Plaintiff's Motion for Leave to Amend is DENIED as to Plaintiff's intentional infliction of emotional distress claim.

plaintiff." July 12, 2013 Decision and Order (Doc. No. 7) ("Initial Screening Decision"), at 6. Significantly, the Proposed Amended Complaint includes essentially identical allegations. Proposed Amended Complaint ¶ 23. Accordingly, insofar as Plaintiff seeks to assert in the Proposed Amended Complaint a claim against Noeth, the allegation is not futile and the Motion for Leave to Amend is GRANTED.

Defendants also argue the Proposed Amended Complaint asserts a state law intentional infliction of emotional distress claim which is futile because it is barred under New York Corrections Law § 24 ("N.Y. Corr. Law § 24" or "§ 24"). Defendants' Memorandum at 6-7. In opposition, Plaintiff argues that insofar as he seeks punitive damages in connection with such claim, it is not barred by N.Y. Corr. Law § 24.

N.Y. Corr. Law § 24 precludes claims against corrections officers brought against them in any court in their personal capacities arising out of the discharge of their duties. *Baker v. Coughlin*, 77 F.3d 12, 14-15 (2d Cir. 1996). Although the Supreme Court has held § 24 does not preclude an inmate from pursuing a § 1983 action, § 24 continues to preclude state causes of action against DOCCS personnel. *DeLee v. White*, 2011 WL 7415124, at * 18 (W.D.N.Y. Nov. 15, 2011). Plaintiff's reliance on *Kerman v. City of New York*, 374 F.3d 93, 125 (2d Cir. 2004), for the proposition that the request for punitive damages permits Plaintiff to pursue his state tort claim in this action is inapposite because Kerman involved an action by an arrestee against a police officer, whereas N.Y. Corr. Law § 24, by its own terms, applies only to DOCCS personnel.

Accordingly, Plaintiff's Motion for Leave to Amend is DENIED as to Plaintiff's intentional infliction of emotional distress claim.

Contrary to the original Complaint in which Plaintiff's claims are asserted against Defendants only in their individual capacities, Complaint ¶ 9, many of the claims in the Proposed Amended Complaint are against Defendants in both their official and individual capacities.  Complaint ¶  Proposed Amended Complaint ¶ 8.  Defendants argue that to the extent the Proposed Amended Complaint seeks to sue Defendants in their official capacities, the Motion to Amend must be denied as barred by the Eleventh Amendment.  Defendants' Memorandum at 7-8.  In opposition, Plaintiff concedes he may not sue Defendants in their official capacities for monetary damages, but asserts he may do so for injunctive relief.  Plaintiff's Memorandum at 3-4.

It is settled that in a suit against state officials in their official capacities, monetary relief is barred by the Eleventh Amendment, but prospective injunctive relief is not. *Kentucky v. Graham*, 473 U.S. 159, 169 & nn. 17-18 (1985).  Accordingly, the Motion to Amend is DENIED insofar as Plaintiff seeks to recover money damages against Defendants in their official capacities.

Defendants also oppose the Motion to Amend insofar as it contains a claim that was previously dismissed, specifically, a claim for conspiracy pursuant to 42 U.S.C. §§ 1985(3) ("§ 1985(3)") and 1986 ("§ 1986"), set forth in the original Complaint's Fifth Claim for Relief, Complaint ¶¶ 53-57.  Defendants' Memorandum at 9 (citing Initial Screening Decision at 14).  Plaintiff argues in opposition that the Proposed Amended Complaint newly asserts factual allegations curing the deficiencies of the original Complaint's conspiracy claim, which should not have been dismissed without permitting Plaintiff an opportunity to amend such claim.  Plaintiff's Memorandum at 4-5.

The Initial Screening Decision dismissed Plaintiff's claim under § 1985(3) "as conclusory" in the absence of any allegation indicating "the actions of which [Plaintiff] complains were taken in concert by specified defendants because of his race or other unlawful discriminatory animus." Initial Screening Decision at 11. Plaintiff's § 1986 claim was dismissed because "[s]ection 1986 provides no substantive rights; it provides a remedy for the violation of section 1985." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 222, n. 28 (1970)). As such, "a prerequisite for an actionable claim under section 1986 is a viable claim under section 1985. Where, however, a plaintiff fails to state a claim for a violation of § 1985, . . . his claim under § 1986 must be dismissed as well." *Id.* (citing *Sosa v. Lantz*, 2010 WL 122649, at * 1 (D.Conn. Jan. 5, 2010)).

Similarly, the Proposed Amended Complaint also fails to indicate that the alleged conspiratorial acts Plaintiff seeks to assert "were taken in concert by specified defendants because of his race or other unlawful discriminatory animus." Accordingly, the Proposed Amended Complaint's claim under § 1985(3) is futile and the Motion to Amend should be DENIED insofar as Plaintiff seeks to assert such claim, as well as the proposed § 1986 claim for which there is no viable predicate claim.

**Appointment of Counsel**

Insofar as Plaintiff moved for appointment of counsel, the court previously (Doc. No. 22), denied such request and sees no reason to change its ruling at this time. Plaintiff's motion for appointment of counsel is, therefore, DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for a Protective Order (Doc. No. 32), is DENIED; Plaintiff's Motion to Amend (Doc. No. 37), is GRANTED in part and DENIED in

part; Plaintiff's Motion for Appointment of Counsel (Doc. No. 58), is DENIED.  Plaintiff is ORDERED to file his Amended Complaint, consistent with this Decision and Order, **by April 30, 2015**.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 31, 2015
         Buffalo, New York

**Plaintiff is advised that any appeal of this Decision and Order must be taken by filing written objection with the Clerk of the Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**