UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

MARK W. BLOND,

                Plaintiff,

v.

SERGEANT LEONARD, et al.,

                Defendants.

**DECISION AND ORDER**

1:12-CV-01082 EAW

---

## INTRODUCTION

Plaintiff Mark W. Blond ("Plaintiff"), *pro se* and formerly incarcerated at Attica Correctional Facility ("Attica"), moves the Court, pursuant to Federal Rules of Civil Procedure 60(b) and 60(d), to reconsider the Decision and Order granting in part and denying in part Defendants' motion for summary judgment (the "prior Decision and Order"). (Dkt. 91). For the reasons described below, Plaintiff's motion for reconsideration is denied.

## BACKGROUND

The factual and procedural background underlying Plaintiff's civil rights action pursuant to 42 U.S.C. § 1983 (Dkt. 62) is set forth in detail in the prior Decision and Order (Dkt. 91), familiarity with which is presumed for purposes of this Decision and Order.

Plaintiff filed his motion to reconsider the prior Decision and Order on December 16, 2016. (Dkt. 100). Defendants submitted their opposition papers on January 6, 2017. (Dkt. 103).

## DISCUSSION

### I. Legal Standard

Plaintiff brings this motion for reconsideration pursuant to Federal Rules of Civil Procedure 60(b) and (d), and Defendants respond in kind. Rule 60(d) provides that Rule 60 "does not limit a court's power" to "(1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). Plaintiff has not filed an independent action; does not allege that he was not personally notified of the action; and does not allege fraud. Accordingly, Rule 60(d) does not apply in this case.

Rule 60(b) provides that the Court "may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The Court's prior Decision and Order is not a judgment as defined in Rule 54(a), in that it is not a "decree . . . [or] order from which an appeal lies." Fed. R. Civ. P. 54(a); *see also* 28 U.S.C. § 1291 (stating that the courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States"); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (noting that a final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (citation omitted)). The prior Decision and Order did not adjudicate all of Plaintiff's claims; it dismissed certain claims but ordered that others remain. (Dkt. 91 at 26-27). Thus, Rule 60(b) is also inapplicable here.

Under Rule 54(b), the Court has inherent power to reconsider any of its own entries prior to the entry of a judgment adjudicating all the claims. *See* Fed. R. Civ. P. 54(b)

("[A]ny order or other decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims. . . ."). Because Plaintiff is *pro se*, the Court will liberally construe his motion as requesting relief under the appropriate standard in this case, Rule 54(b).

The Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case." *Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003). Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). A district court "[has] discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Reyes v. Phillips*, No. 02 CIV 7319(LBS), 2005 WL 2173812, at *6 (Sept. 6, 2005) (alteration in original) (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964). Decisions considered under Rule 54(b) "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

## II. Intervening Change in Controlling Law

Plaintiff does not contend that there has been an intervening change in controlling law. Rather, Plaintiff takes issue with the Court's application of the legal standard that existed at the time that the Court considered Defendants' motion for summary judgment. Plaintiff argues that the Court improperly dismissed his excessive force claim against Defendant Leonard because "the force applied by Defendant Leonard was . . . used to maliciously and sadistically cause[] Plaintiff harm." (Dkt. 100 at 3); *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."). The Court considered the applicable Eighth Amendment standards in the context of a claim of excessive force and concluded that Plaintiff's allegations did not rise to the level of an Eighth Amendment violation because Plaintiff had alleged only *de minimis* force by Defendant Leonard. *See Hudson*, 503 U.S. at 9 ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force. . . .").

Plaintiff also contends that Defendant Noeth should be held liable as a supervisor. (Dkt. 100 at 7). In support of that argument, Plaintiff cites two cases, both of which were in existence at the time of the Court's Decision and Order, and one of which the Court cited in its decision. (Dkt. 91 at 19).

Plaintiff's arguments are, in essence, attempts to relitigate issues discussed in the prior Decision and Order. Plaintiff's motion for reconsideration cannot be granted on the grounds of an intervening change in controlling law.

### III. Newly Discovered Evidence

Plaintiff also argues that the Court should grant his motion for reconsideration on the basis that he lacks access to critical pieces of evidence: his own deposition testimony; his medical records from Erie County Medical Center; mug shots of the three John Doe officers; and the docket sheet in this case. According to Plaintiff, without the docket sheet and his deposition testimony, he was "unable to put forth the full facts as outlined in the testimony of Mr. Blond." (Dkt. 100 at 1). He also argues that the mugshots would have allowed him to "ascertain what defendant did what." (*Id.* at 2). Plaintiff avers that he was unable to afford copies of the aforementioned deposition, his medical records, and the civil docket sheet, because he was in the Special Housing Unit and could not earn inmate wages. (*Id.*).

Courts in this district apply "the standards of Rule 60(b)(2) . . . where, as here, 'a party seeks to avoid the [law of the case] by reopening factual issues based upon new evidence.'" *Johnson v. Askin Capital Mgmt., L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001) (alterations in original) (quoting *Morin v. Trupin*, 809 F. Supp. 1081, 1086 (S.D.N.Y. 1993). A party moving for relief under Rule 60(b)(2) based on newly discovered evidence must demonstrate that

> (1) the newly discovered evidence was of facts that existed [at] the time of the prior dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Id.*

None of the evidence to which Plaintiff refers can be considered newly discovered. Plaintiff's deposition testimony and medical records contain information provided by Plaintiff himself, or of which Plaintiff had firsthand knowledge at the time that the summary judgment motion was being litigated. Plaintiff's contention regarding mugshots of the John Doe officers is more properly understood as a request for discovery than an argument about the existence of newly discovered evidence. Plaintiff's argument about access to the docket sheet is misplaced because that document has no independent evidentiary value.

### IIII. Clear Error/Manifest Injustice

The Court did not clearly err in its prior Decision and Order (Dkt. 91), nor does Plaintiff point to a manifest injustice that would compel reconsideration.

### CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration of the prior Decision and Order (*id.*) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: September 27, 2017
Rochester, New York